ARKANSAS STATE HIGHWAY COMMISSION *v.*
MELVIN ROBINSON ET UX

5-6073                                    486 S.W. 2d 676

Opinion delivered November 27, 1972

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*James K. Young* and *Ray Blair,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellant contends that there was not substantial evidence to support the jury verdict awarding $4,800 to appellees as just compensation for the taking of 2.73 acres from a 155-acre tract. We do not agree.

Jackson Ross, a real estate broker and appraiser called as a witness by appellant, testified that the whole tract had a value of $46,809 prior to the taking of September 23, 1965. He fixed the value after the taking at $31,490, making the difference $15,319. Appellant argues that there was no reasonable basis for this testimony because he testified that 10 acres of appellees' remaining lands were virtually destroyed by flooding as a result of the highway construction on the tract taken, but had never seen water on the land, and that this accounted for $1,500 of his estimate of the just compensation due the landowners. Ross stated that this area was lower than surrounding

lands, and that the grass on it had been pretty and green prior to the taking, but afterwards the whole area was low and marshy and a part of it moss-covered. Melvin Robinson, one of the appellees, testified that four to six acres were damaged by flooding from highway culverts.

A further attack is made on the Ross testimony because the witness first stated that he had looked at the highway construction plans and later testified that he was not familiar with them. Appellant contends that this apparent contradiction indicates a degree of irresponsibility rendering the testimony improper and of no aid to the jury in arriving at a verdict. It is our understanding from the record that construction of the highway is complete, so lack of familiarity with the plans probably would not have any significance. Appellant's arguments relating to the landowner's testimony are that it was self-serving and that, in spite of his testimony as to damages, appellees subsequently improved the property by adding a bathroom to their residence and constructing a shed on the property. Melvin Robinson had fixed the amount of just compensation at $18,160. Appellant has not called our attention to any objection by it to any testimony by the witnesses or any motion to strike that testimony. In any event, arguments now advanced pertain to credibility of the witnesses and the weight to be given to their testimony. These determinations were made by the jury. Even if the element of damages as to the 10 acres is deducted from the Ross estimate, the remainder of $13,819 is still nearly three times the jury verdict. The jury obviously considered the frailties pointed out by appellant. Since we do not agree that the factors pointed out by appellant made the testimony insubstantial, we affirm the judgment.